IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC V. RENDEL,

    Plaintiff,

v.

NATIONAL CITY BANK
and DOES 1–250, inclusive,

    Defendants.
_____/

No. C 10-00638 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

    In this state tort and contracts action defendant moves to dismiss the case based on FRCP 12(b)(6). Plaintiff opposes this motion. For the reasons stated below, defendant's motion to dismiss is **GRANTED.**

    This complaint was originally filed in the Superior Court of the State of California. Plaintiff's suit arose from his default on a loan and the subsequent foreclosure action against plaintiff due to the default. Plaintiff named "National City Bank" as the defendant in its complaint. According to PNC Bank National Association, however, National City Bank does not exist because it merged with PNC and that plaintiff sued PNC under the wrong name. PNC removed the case to this Court pursuant to 28 U.S.C. 1441 with jurisdiction based on 28 U.S.C. 1332(a). The title page of the removal notice stated, "Attorneys for Defendant PNC BANK NATIONAL ASSOCIATION, as successor by merger to National City Bank." PNC is now moving to dismiss this case alleging that defendant is not the owner of the loan in

controversy nor the party bringing the foreclosure action against defendant's property. PNC has asked the Court to take judicial notice of the "Notice of Default" and "Notice of Trustee's Sale" which indicates that another bank, not PNC or National City Bank, is the owner of the loan in question and bringing the foreclosure action against plaintiff. Plaintiff, in his opposition, does not deny or refute defendant's assertion that PNC/National City Bank is an improper defendant but, instead, argues that this Court lacks subject-matter jurisdiction. Specifically, plaintiff argues that (1) the amount in controversy is insufficient for diversity jurisdiction and (2) that PNC had no right to remove this case because he is not the named defendant.

Plaintiff's assertion that the amount in controversy has not been met is unpersuasive. When the parties are diverse, the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). Plaintiff's complaint states that the loan at issue in this case was a deed of trust in the sum of $172,840.00 where the property at 1044 La Gonda Way Danville, California 94526 ("Subject Property") was used as collateral. Plaintiff is seeking, among other claims, quiet title over the Subject Property, compensatory damages where plaintiff has allegedly lost "hundreds of thousands of dollars in equity in his property," and an injunction against defendant from collecting on the $172,840.00 loan. Clearly, the amount in controversy exceeds $75,000.

Plaintiff's argument that this case was improperly removed because PNC is not a party to this action is also unpersuasive. The California Corporations Code states:

> Upon merger pursuant to this chapter the separate existence of the disappearing corporation ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner *as if the surviving corporation had itself incurred them.*

Cal. Corp. Code § 1107(a) (emphasis added). PNC explained that it *is* National City Bank through merger and that plaintiff naming National City Bank as the defendant is only a misnomer. PNC has submitted a declaration in support of this statement. Section 1107(a) explains that PNC, as the surviving corporation, would be subject to the liability of National City Bank as if PNC incurred the liability itself, in other words, suing National City Bank would be suing PNC.

2

Additionally, it would be absolutely silly to remand this case and force PNC to substitute itself as National City or intervene as the real party in interest, as plaintiff proposes, just to dismiss the claim for not being the owners of plaintiff's loan. This would be a waste of time and judicial resources. Plaintiff's arguments fail.

Because plaintiff does not oppose or deny that PNC/National City Bank is an improper defendant, defendant's motion to dismiss is **GRANTED.** The hearing on **WEDNESDAY, MARCH 31, 2010, AT 2:00 P.M.**, is hereby **VACATED.**

**IT IS SO ORDERED.**

Dated: March 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3